UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYMOND D. GWERDER and Bobbie Jo Clark
in her capacity as the Personal Representative
of the Estate of Raymond D. Gwerder,

      Plaintiffs,

Civil No. 07-335-HA
OPINION AND ORDER

LEO BESNER and CITY OF PORTLAND,

      Defendants.

HAGGERTY, Chief Judge:

      Defendants move [33] for a protective order to limit or prevent dissemination of certain documents beyond plaintiffs' counsel and his client prior to trial. Defendants agree that after the court rules on the proposed Protective Order, they will produce information in accordance with that order. For the following reasons, defendants' Motion is granted in part and denied in part. Plaintiffs' related Motion to Compel [19] is denied as moot, and the parties are granted leave to seek or renew discovery requests within the parameters established by the protective order that will issue after its amendment to comply with the rulings herein.

1 - OPINION AND ORDER

**BACKGROUND**

On November 4, 2005, at approximately 2:00 p.m., the Portland Police Bureau (PPB) had learned that Raymond Gwerder was alone in his apartment in Northeast Portland and was drunk, depressed, suicidal, and armed with a hand gun. Portland police officers were deployed and surrounded the apartment. Within one hour the PPB activated its Hostage Negotiation Team (HNT) and its Special Emergency Reaction Team (SERT). Defendant Besner and other Portland police officers assigned to SERT were deployed to the scene.

By approximately 3:00 p.m., Besner had taken up a surveillance position in a house approximately seventy-five yards away from the back door of Gwerder's apartment. Plaintiffs allege that Besner knew Gwerder was drunk, depressed and suicidal; knew the scene was secure and that PPB's command team wanted to keep Gwerder on the phone with HNT; wanted Gwerder to reenter his apartment where he could have been contained, and had instructed SERT not to initiate contact with Gwerder and to stay out of sight of Gwerder.

Plaintiffs assert that despite what Besner knew or should have known, he decided to shoot Gwerder in the back with his M-16 rifle rather than allow Gwerder to reenter the apartment and to continue his phone contact with HNT. At the time Besner shot Gwerder, plaintiffs contend that Besner did not have probable cause to believe that Gwerder posed an immediate risk to Besner or any other person.

Plaintiffs allege that defendants violated Gwerder's Fourth Amendment rights by subjecting or causing him to be subjected to excessive force resulting in his wrongful death. Pursuant to O.R.S. 30.020 and O.R.S. 30.275, Gwerder's estate also makes a claim under state law against defendant City of Portland for damages arising from Gwerder's death. The estate

2 - OPINION AND ORDER

also makes a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165, Section 504 of the 1973 Rehabilitation Act, ORS 659A.142, and Portland City Ordinance 23.01.070.

**STANDARDS**

"Federal Rule of Civil Procedure 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, 'the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' based on any of several listed reasons." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Generally, however, the public is given "access to litigation documents and information produced during discovery." *Fischer v. City of Portland*, 2003 WL 23537981, at *2 (D. Or. August 22, 2003), (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public). The party seeking to limit that access "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Id.*, (quoting *Foltz*, 331 F.3d. at 1130). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (internal quotations omitted).

The court may issue protective orders that protect classes of documents upon a threshold showing of appropriate circumstances warranting such umbrella protection. *Id.* Any such order limiting access for good cause requires that the court's determination "identify and discuss the

3 - OPINION AND ORDER

factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Phillips*, 307 F.3d at 1212.

**ANALYSIS**

Defendants seek to limit the dissemination of documents falling within the following categories:

1. Documents from the City's Police Bureau's Internal Affairs Division;
2. Documents from the City Auditor's Independent Police Review Division;
3. Discipline information and documents from Besner's personnel file;
4. Police Reports of prior shootings which contain confidential information;
5. Training documents; and
6. The after action report of this incident.

Defendants assert that their proposed protective order is structured to provide plaintiffs' counsel with copies of the documents that plaintiffs request, with limited exceptions including privileged personnel information that is confidential and irrelevant to this case, the after action reports, and Review Level recommendations of police shootings other than that of Gwerder. Defendants assert that some of the discovery sought reflect internal evaluations that are advisory and not factual and do not reflect the decisions of the Chief of Police.

1. <u>Internal Affairs Documents</u>

Defendants contend that a protective order is necessary "for any Internal Affairs documents to protect the privacy interests of the people involved and to comply" with statutory requirements established by O.R.S. 181.854 and O.R.S. 181.854(3). These statutes prohibit a public body from disclosing information about a personnel investigation of a public safety

employee which does not result in discipline of the employee, with some exceptions. Defts. Memorandum of Support of a Protective Order (Mem. Supp.) at 3. Defendants assert that "indiscriminate disclosure of these documents would harm future Internal Affairs Division investigations by chilling the willingness of witnesses and subjects of the investigation to speak candidly with investigators." *Id*. Defendants also refer to the potential to invade a witness's or officer's "right to privacy." *Id*. at 5.

Defendants' speculative concerns about chilling the degree of cooperation from witnesses and subjects of investigations fall short of establishing the kind of good cause requisite to enshroud the discovery plaintiffs seek under a protective order. Defendants' valid privacy interests can be addressed by a protective order that redacts private and sensitive information such as social security numbers, home addresses, and telephone numbers.

Other information contained in internal affairs documents, though possibly personal, "has a distinct public character, as it relates to the defendant officers' performance of their official duties," and such information enables the public "to supervise the individuals and institutions it has entrusted with the extraordinary authority to arrest and detain persons against their will." *Bond v. Utreras*, 2007 WL 2003085, at *3 (N.D. Ill. July 2, 2007). This court is inclined to agree with the reasoning of the *Bond* court: "[t]he public has a significant interest in monitoring the conduct of its police officers and a right to know how allegations of misconduct are being investigated and handled." *Id*.

That significant interest is not outweighed by the speculative privacy and efficiency concerns expressed by defendants, which as presently articulated can be addressed by a carefully crafted protective order. However, without first scrutinizing the production at issue, the court

cannot determine with certainty the appropriate scope of public dissemination. Accordingly, for purposes of facilitating the prosecution of this action, and preserving the significant interests held by the public, this court orders the production of information within the parameters set by defendants' proposed protective order, as amended to comply with the rulings herein (hereinafter the Amended Protective Order). The scope and duration of that protective order will be re-visited after this production. This court will make further determinations regarding the possible public dissemination of specific information after evaluating that information and soliciting further briefing from the parties.

2.      Independent Police Review Documents

Similarly, defendants' general concerns about disclosure of information regarding citizen complaints received by the Independent Police Review Division pertain to privacy matters such as "names, telephone numbers, and birthdates," and the conduct of "other officers who are not defendants in this lawsuit," and the speculative impact that pretrial disclosure might have upon the Division's effectiveness. Mem. Supp. at 7-8. Good cause for precluding the discovery requests pertaining to these documents altogether is not established. Defendants' concerns as presently stated are addressed in the proposed protective order. After production of this information under the Amended Protective Order, and upon evaluating the information and soliciting further briefing from the parties the court will make further determinations regarding possible public dissemination.

3.      Personnel Information

Defendants assert that disclosure of personnel information should be limited to Besner's work history, his rank, assignments, transfers and promotions, letters of commendation, and

Police Bureau awards. "Any other information kept by the Personnel Division is considered confidential and will not be released without a court order." Mem. Supp. at 9.

This court concludes that plaintiffs may discover documents in Besner's personnel files relating to alleged incidents of violence or excessive force, and any factual information in the personnel files regarding the issues being litigated here. However, defendants have established good cause for excluding from discovery other portions of personnel files. The privacy interests of the defendant officers and the governmental interest in the confidentiality of such records outweigh plaintiffs' and the public's interests in disclosure. After production of this information under the Amended Protective Order, and upon evaluating the information and soliciting further briefing from the parties the court will make further determinations regarding possible public dissemination.

4.     Prior Shootings Records

In response to this discovery request, defendants provide several paragraphs that describe generally the process undertaken in collecting and archiving police officer reports. Mem. Supp. at 12-15. Nothing in this information establishes good cause for precluding production. Perhaps in tacit acknowledgment of this, defendants refer to the likelihood that:

> [the] police reports responsive to plaintiffs' request would result in plaintiffs' counsel having to wait an inordinate amount of time before having the reports available for review. Redactions would likely result in some information contained in the reports coming into dispute, causing further delay. In order to give plaintiffs' attorneys access to all the information in the reports they have requested, it would be preferable to produce the reports pursuant to an appropriate Protective Order. If this Court believes that redaction is necessary, the City requests that the Police Bureau be reimbursed for the costs of having Records Division employees do the redactions.

7 - OPINION AND ORDER

Mem. Supp. at 14-15.

Defendants' speculative concerns about inordinate delays, possible disputes, and a desire for reimbursement also present no basis for precluding production altogether. After production of this information under the Amended Protective Order, and upon evaluating the information and soliciting further briefing from the parties the court will make further determinations regarding possible public dissemination.

5.   Training Documents

Plaintiffs seek copies of training files relating to Besner and police training on various topics for the last ten years. The City acknowledges an obligation to produce certain training materials used to train Besner, but requests a protective order that addresses privacy interests of officers, and restricts the dissemination of "substantive lesson plans and training materials," to avoid "undue safety risks to officer and citizen safety." Mem. Supp. at 14-15. After production of this training information under the Amended Protective Order, and upon evaluating the information and soliciting further briefing from the parties the court will make further determinations regarding possible public dissemination.

6.   After Action Report

After action reports are used by the Police Bureau "usually to review incidents involving the use of force." Mem. Supp. at 17. These reports contain factual summaries, recommendations and critiques, and defendants wish to protect the reports' confidentiality so as to preserve the "frank and candid assessments and evaluations of Bureau members' actions." *Id*. The Bureau

> understands that the after action report concerning this incident
> needs to be produced in this case, but strongly believes it needs to

8 - OPINION AND ORDER

>be produced pursuant to an appropriate Protective Order, as do any
>after action reports related to incidents other than the Gwerder
>incident. This is necessary to maintain the frank, deliberative
>nature of the process thus ensuring continued improvement in
>Bureau operations and public safety.

Mem. Supp. at 20.

Production of the information regarding the after action reports requested by plaintiffs shall occur under the Amended Protective Order. As noted above, the court will make further determinations regarding the possible public dissemination of such information after evaluating it and soliciting further briefing from the parties.

**CONCLUSION**

Defendants' Motion for a Protective Order [32] is GRANTED IN PART AND DENIED PART AS FOLLOWS: counsel for the parties are ordered to confer and prepare a joint proposed protective order that encompasses each of the protections and parameters presented in Exhibit 2 to Defendants' Affidavit in Support of Motion [33], with the exception that Paragraph 10 shall be stricken, and Paragraph 11 share be amended to convey the following:

>**This Protective Order shall remain in effect indefinitely, but plaintiffs are granted leave to move for modification or termination of its terms as it pertains to specific production, following the resolution of this action. Upon receipt of such a motion, the court will order briefing from all parties addressing the propriety and scope of public dissemination of the identified production. Otherwise, the terms for modifying or terminating this Protective Order and returning all production will be established by written stipulation signed by all counsel for all parties hereto and filed herein, or until modified or terminated by order of this court upon good cause being shown.**

The parties' amended proposed Protective Order shall be filed for the court's review no later than October 26, 2007. Plaintiffs' Motion to Compel Discovery Against the Defendants

9 - OPINION AND ORDER

[19] is DENIED AS MOOT without prejudice in accordance with this ruling. The parties are granted leave to seek or renew discovery requests within the parameters established by the Amended Protective Order that will issue after its submission to the court.

IT IS SO ORDERED.

DATED this   5    day of October,  2007.

     /s/ Ancer L. Haggerty
     Ancer L. Haggerty
     United States District Judge

10 - OPINION AND ORDER